# EXHIBIT A

# EXHIBIT A

Electronically Filed
3/29/2021 5:25 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
**PAUL R.M. CULLEN, ESQ.**
Nevada Bar No. 12355
**STEVEN M. BAKER, ESQ.**
Nevada Bar No. 4522
**BERTOLDO BAKER CARTER & SMITH**
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Phone: (702) 228-2600
Fax: (702) 228-2333
paul@nvlegaljustice.com
baker@nvlegaljustice.com
Attorneys for Plaintiff

CASE NO: A-21-831964-C
Department 13

## DISTRICT COURT

## CLARK COUNTY, NEVADA

* * *

| | |
|---|---|
| DIANE FLOOD, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., a foreign corporation; GATEWAY FRONTLINE SERVICES, INC. a foreign corporation; GATEWAY GROUP ONE, INC. a foreign corporation; DANIEL BLAISE, an individual; JORDAN ORPHAN, an individual; DIAMOND BARRIER, an individual, an individual, DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, DIANE FLOOD ("FLOOD"), by and through her attorneys of record, the law firm of BERTOLDO BAKER CARTER & SMITH, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  Plaintiff FLOOD was at all times pertinent hereto, and still is, a resident of Clark County, State of Nevada.

2.  Defendant FRONTIER AIRLINES, INC. ("FRONTIER") was at all times pertinent hereto, and still is, a Colorado corporation with principal place of business in Denver, Colorado, duly authorized, qualified and regularly conducting business within the County of Clark, State of Nevada.

Page 1 of 13

Case Number: A-21-831964-C

3. Defendant GATEWAY FRONTLINE SERVICES, INC., ("FRONTLINE") was at all times pertinent hereto, and still is, a New Jersey Corporation, duly authorized, qualified and regularly conducting business within the County of Clark, State of Nevada.

4. Defendant GATEWAY GROUP ONE, INC., ("GATEWAY GROUP") was at all times pertinent hereto, and still is, a New Jersey corporation, the parent company of FRONTLINE, ROES 1 through 20, and each of them, duly authorized, qualified and regularly conducting business within the County of Clark, State of Nevada.

5. Upon information and belief, at all times herein mentioned, Defendant DANIEL BLAISE ("BLAISE") was at all times pertinent hereto, and still is, a resident of Clark County, State of Nevada.

6. Upon information and belief, at all times herein mentioned, Defendant JORDAN ORPHAN ("ORPHAN") was at all times pertinent hereto, and still is, a resident of Clark County, State of Nevada.

7. Upon information and belief, at all times herein mentioned, Defendant DIAMOND BARRIER ("BARRIER") was at all times pertinent hereto, a resident of Clark County, State of Nevada.

8. The names and capacities of the Defendants DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators, or individuals otherwise within possession and control of the certain wheelchair as herein alleged, and/or are individuals or entities otherwise providing wheelchair or transportation services as herein alleged, and/or individuals or entities permitting and allowing use of the certain wheelchair as herein alleged, and/or are individuals or entities contracting for, providing for use, and making available the certain wheelchair and transportation services as herein alleged, and or are individuals or entities transporting or transferring Plaintiff as associated with wheelchair use as alleged herein, and/or are employers, principals, supervisors, joint-ventures and/or entities otherwise in possession and control of the certain wheelchair or responsible for the conduct of the operation, operators, and use of the

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

certain wheelchair as herein alleged, and/or are successors in interest, successors in assets and/or liabilities, predecessors in interest, owners in whole or in part, managers, members, Estates, Receiverships, and/or individuals and/or entities having an interest, controlling and/or otherwise, and/or identifying with Defendants FRONTIER, FRONTLINE, GATEWAY, BLAISE, ORPHAN, BARRIER, and/or any and all other DOEs and/or ROEs, and each of them, and/or are the true and correct names of any individual or business entity named as a Defendant herein. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, intentionally, or otherwise responsible for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

   9. Upon information and belief, Defendant DANIEL BLAISE ("BLAISE"), DOES 1 through 20, and each of them, was at all times pertinent hereto an agent, employee, or assign of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them, was providing wheelchair assistance on behalf of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them, and was acting within the scope and course of his agency, employment, or assignment with Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them.

   10. Upon information and belief, Defendant JORDAN ORPHAN ("ORPHAN"), DOES 1 through 20, and each of them, was at all times pertinent hereto an agent, employee, or assign of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them, was providing wheelchair assistance for Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROES 1 through 20, and each of them, and was acting within the scope and course of his agency, employment, or assignment with Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them.

   11. Upon information and belief, Defendant DIAMOND BARRIER ("BARRIER"), DOES 1 through 20, and each of them, was at all times pertinent hereto an agent, employee, or assign of

Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them, was providing wheelchair assistance for Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROES 1 through 20, and each of them, and was acting within the scope and course of his agency, employment, or assignment with Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, ROE BUSINESS ENTITIES 1 through 20, and each of them.

12. On or about April 5, 2019, Plaintiff FLOOD was a passenger on Frontier Airlines travelling from Milwaukee, Wisconsin to Las Vegas, Nevada.

13. Ms. Flood was moving to Las Vegas to obtain cancer treatment.

14. At all times pertinent hereto, Defendant FRONTIER, ROE BUSINESS ENTITIES 1 through 20, and each of them, was operating as an airline which offered wheelchair assistance to its passengers.

15. As part of her reservation and relationship with Defendant FRONTIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD requested wheelchair assistance to help transport and carry her from the plane to her brother who was waiting at baggage claim.

16. At all times pertinent hereto, Defendant FRONTIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, contracted, assigned, employed, or had an agreement otherwise with Defendants FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, to provide wheelchair transportation services to certain passengers having difficulties with mobility and, in particular, to Plaintiff FLOOD, and to commonly carry and transport such passengers at and through McCarren International Airport and other locations.

17. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, OPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES I through 20, and each of them owed a non-delegable duty of care to Plaintiff FLOOD to provide such transportation and wheelchair services in a safe, adequate and reasonable manner, one which did not present a foreseeable risk of harm to passengers and transportees, and in particular to Plaintiff FLOOD.

18. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, were operating and acting as Common Carriers and therefore owed a heightened duty to its passengers, transportees, and other individuals in their care, and in particular to Plaintiff FLOOD, to use the highest degree of care consistent with the mode of conveyance used and the practical operation of their, and each of their, businesses.

19. Upon information and belief, at all pertinent times hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROOUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, provided wheelchair assistance for Ms. Flood's flight which arrived at McCarren International Airport on or about April 5, 2019.

20. Upon information and belief, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, were responsible for assisting Plaintiff FLOOD to deplane and to transfer her to a wheelchair.

21. Upon information and belief, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, entered the plane to assist Plaintiff FLOOD in leaving the aircraft.

22. Upon information and belief, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, assisted Plaintiff FLOOD in leaving the aircraft by using a smaller-sized wheelchair designed to assist passengers in the tight quarters of an aircraft, commonly referred to as an "aisle chair".

23. Upon information and belief, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, exited the aircraft with Plaintiff FLOOD seated on the aisle chair.

24. Upon information and belief, after exiting the aircraft, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE

1 BUSINESS ENTITIES 1 through 20, and each of them, attempted to transfer Plaintiff FLOOD from the aisle chair to a full-size wheelchair.

25. At all times pertinent hereto, said wheelchairs, and each of them, were owned, operated, maintained, controlled, and provided for use otherwise by Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them.

26. At said time and place, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, failed to properly transport and transfer Plaintiff FLOOD and otherwise failed to safeguard her health and safety, and dropped Plaintiff FLOOD on the ground, causing severe personal injuries, including but not limited to, a broken arm.

27. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, were acting as principals, agents, employees, alter-egos, joint-venturers, independent contractors, non-delegable service providers, and/or assigns of each and all other Defendant as alleged herein, and within the scope and course of such relationship.

28. Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, are vicariously, contractually, legally, jointly and severally, and/or otherwise liable for the acts and omissions of each other and of each and every other Defendant as alleged herein.

29. Venue is proper here in that the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada, and this Court has subject matter jurisdiction pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

///

///

///

## FIRST CAUSE OF ACTION
**Negligence; Negligence Per Se; Vicarious, Joint-and-Several, Contractual, Statutory, and Legal Liability - Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1-20, ROE BUSINESS ENTITIES 1-20, and each of them)**

30. Each and every allegation of the preceding and succeeding paragraphs is hereby replead and realleged as though fully set forth.

31. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, had a duty to reasonably and prudently carry and transport passengers, including, but not limited to, providing wheelchairs and wheelchair services to passengers of limited mobility in a safe and careful manner, one not creating a foreseeable risk of harm to such individuals, including, but not limited to, Plaintiff FLOOD.

32. At said time and place, through the aforesaid acts and omissions, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of the, negligently and carelessly breached said duty of care by, but not limited to, failing to properly, carefully, and safely, transport and transfer Plaintiff FLOOD, causing her to fall to the ground and suffer severe and lasting injuries, including, but not limited to, a broken arm, as alleged herein.

33. As a direct and proximate result of the aforesaid negligence, carelessness, and breach of duty on the parts of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause the Plaintiff physical, mental and nervous pain and suffering.

34. As a direct and proximate result of the negligence, carelessness, and breach of duty on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD has incurred, and continues to incur, past and future medical expenses, and other

1  and further losses, all to Plaintiff's special and general damages in an amount in excess of Fifteen
2  Thousand Dollars ($15,000.00)

3  35. As employees, employers, agents assigns, partners, joint ventures, or associated
4  individuals and entities otherwise of each and every other Defendant, Defendants FRONTIER,
5  FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE
6  BUSINESS ENTITIES 1 through 20 and each of them, are vicariously, joint-and-severally,
7  contractually, and otherwise legally liable for the negligence, carelessness, and breach of duty as alleged
8  herein.

## SECOND CAUSE OF ACTION
(Common Carrier Liability; Vicarious, Joint and Several, Contractual, Statutory, and Legal Liability - Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them)

36. Each and every allegation of the preceding and succeeding paragraphs is hereby replead and realleged as though fully set forth.

37. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them were acting as, advertising as, holding themselves out as, and providing transportation services in the capacity of a common carrier, thereby having a heightened duty to its passengers and other individuals to use the highest degree of care consistent with the mode of conveyance used and the practical operation of their, and each of their, business.

38. The acts and omissions on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, were a breach of the common carrier heightened duty of care.

39. As a direct and proximate result of the breach of the common carrier heightened duty of care as alleged herein on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD was injured in her health, strength and activity,

BERTOLDO BAKER CARTER & SMITH
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause the Plaintiff physical, mental and nervous pain and suffering.

40. As a direct and proximate result of the breach of the common carrier heightened duty of care as alleged herein on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD has incurred, and continues to incur, past and future medical expenses, and other and further losses, all to Plaintiff's special and general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00)

41. Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, are vicariously, joint-and-severally, contractually, and otherwise liable for the breach of the common carrier heightened duty of care as alleged herein.

### THIRD CAUSE OF ACTION
**(Negligent Hiring, Contracting, Training, Supervision, Entrustment, Retention; Vicarious, Joint-and Several, Contractual, Statutory, and Legal Liability - Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them)**

42. Each and every allegation of the preceding paragraphs is hereby replead and realleged as though fully set forth.

43. At all times relevant hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, had the duty to reasonably and properly hire, contract, train, supervise, entrust, and retain Defendants BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, so as to ensure Defendant FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, could and would provide wheelchair assistance in a safe and reasonable manner, one not creating a foreseeable risk of harm to passengers, including but not limited to, Plaintiff FLOOD.

44. At all times relevant hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and had

the heightened duty of care of a common carrier to carefully, adequately, and properly, hire, contract, train, supervise, entrust, and retain Defendants BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, so as to ensure Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, could and would perform wheelchair and other transport and transfer services in a safe and reasonable manner, one not creating a foreseeable risk of harm to others, including but not limited to, Plaintiff FLOOD.

45. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, negligently and carelessly breached their, and each of their, duty of care by, but not limited to: 1) failing to adequately vet Defendant FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other; 2) failing to adequately and properly effectuate and enforce reasonable and adequate safety policies for transporting and transferring passengers; 3) failing to adequately and properly institute, effectuate, and enforce plans, policies, guidelines, procedures, and training concerning the appropriate and proper way to transport and transfer passengers entrusted to them; and 4) by otherwise failing to ensure that their agents, employees, contractors, assigns, and service providers, in particular Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, was/were competent to provide wheelchair and other transportation and transfer services reasonably and safely so as to prevent injury to passengers and transferees, including but not limited to Plaintiff, all and each of which resulted in Plaintiff FLOOD's injuries and damages as alleged herein.

46. At all times pertinent hereto, Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, breached said heightened duty of care of a common carrier by, but not limited to: 1) failing to adequately vet Defendant FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other; 2) failing to adequately and properly institute, effectuate, and enforce reasonable and adequate safety

policies for transporting and transferring passengers; 3) failing to adequately and properly institute, effectuate, and enforce plans, policies, guidelines, procedures, and training concerning the appropriate and proper way to transport and transfer passengers entrusted to them; and 4) by otherwise failing to ensure that their agents, employees, contractors, assigns, and service providers, in particular Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, was/were competent to provide wheelchair transportation, transfer, and related services safely so as to prevent injury to the passengers, including but not limited to Plaintiff, all and each of which resulted in Plaintiff FLOOD' injuries and damages as alleged herein.

47. As a direct and proximate result of the aforesaid negligence and carelessness in the hiring, contracting, training, supervision, entrustment, and retention of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, on the part Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause the Plaintiff physical, mental and nervous pain and suffering.

48. As a direct and proximate result of the aforesaid breach of the heightened duty of care of a common carrier in the hiring, contracting, training, supervision, entrustment, and retention of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, on the part Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause the Plaintiff physical, mental and nervous pain and suffering.

49. As a direct and proximate result of the aforesaid negligence and carelessness in the hiring, contracting, training, supervision, entrustment, and retention of Defendants FRONTIER,

FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD has incurred, and continues to incur, past and future medical expenses, and other and further losses, all to Plaintiff's special and general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

50. As a direct and proximate result of the aforesaid breach of the heightened duty of care of a common carrier in the hiring, contracting, training, supervision, entrustment, and retention of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, BLAISE, ORPHAN, BARRIER, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, and each other, on the part of Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff FLOOD has incurred, and continues to incur, past and future medical expenses, and other and further losses, all to Plaintiff's special and general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

51. Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, are vicariously, joint-and-severally, contractually, and otherwise liable for their, and each of their, negligence and carelessness in the hiring, contracting, training, supervision, entrustment and breach of duty of care as alleged herein.

52. Defendants FRONTIER, FRONTLINE, GATEWAY GROUP, DOES 1 through 20, ROE BUSINESS ENTITIES 1 through 20, and each of them, are vicariously, joint-and-severally, contractually, and otherwise liable for their, and each of their, breach of the common carrier heightened duty in the hiring, contracting, training, supervision, and entrustment as alleged herein.

WHEREFORE, Plaintiff DIANE FLOOD prays for relief against Defendants, and each of them, aforesaid as follows:

**FOR EACH AND EVERY CAUSE OF ACTION**

1. For past and future general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. Special damages in an amount to be determined at time of trial;

3.    Reasonable attorney fees, pre and post-judgment interest, and costs of suit; and

4.    Such other and further relief as the Court may deem just and proper.

DATED this 29th day of March, 2021.

**BERTOLDO BAKER CARTER & SMITH**

**PAUL R.M. CULLEN, ESQ.**
Nevada Bar No. 12355
**STEVEN M. BAKER, ESQ.**
Nevada Bar No. 4522
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Plaintiff