LUCIAN J. GRECO, JR., ESQ.
Nevada State Bar No. 10600
SCOTT W. ULM, ESQ.
Nevada State Bar No. 12652
DANIELLE M. MERIWETHER
Nevada State Bar No. 14924
BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
SUITE 250
LAS VEGAS, NV 89144
TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
lgreco@bremerwhyte.com
sulm@bremerwhyte.com
dmeriwether@bremerwhyte.com
Attorneys for Defendants,
*Frontier Airlines, Inc.; Gateway Frontline Services, Inc.; Gateway Group One, Inc.; Daniel Blaise; Jordan Orphan; and Diamond Barrier*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DIANE FLOOD, an individual,

Plaintiff,

vs.

FRONTIER AIRLINES, INC., a foreign corporation; GATEWAY FRONTLINE SERVICES, INC. a foreign corporation; GATEWAY GROUP ONE, INC. a foreign corporation; DANIEL BLAISE, an individual; JORDAN ORPHAN, an individual; DIAMOND BARRIER, an individual, DOES 1 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive,

Defendants.

Case No. 2:21-cv-00717-JCM-NJK

**DEFENDANTS FRONTIER AIRLINES, INC., GATEWAY FRONTLINE SERVICES, INC., GATEWAY GROUP ONE, INC., AND DIAMOND BARRIER'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Frontier Airlines, Inc.; Gateway Frontline Services, Inc.; Gateway Group One, Inc.; and Diamond Barrier (hereinafter referred to as "DEFENDANTS" or "These Answering Defendants") by and through their attorneys of record, Lucian J. Greco, Jr., Scott W. Ulm, Esq., and Danielle M. Meriwether, Esq., of the law firm of Bremer Whyte Brown & O'Meara, LLP, hereby responds and answers to Plaintiff's

Complaint as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. DEFENDANTS, answering Paragraph 1 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

2. DEFENDANTS, answering Paragraph 2 of Plaintiff's Complaint, admits that Frontier Airlines, Inc. is a Colorado Corporation doing business in Nevada. In answering the remainder of the allegations in Paragraph 2 of the Complaint, Defendants are presently without sufficient information to form a belief as to the truth/veracity of the of the allegations contained within these paragraphs, and therefore, deny same.

3. DEFENDANTS, answering Paragraph 3 of Plaintiff's Complaint, admits that Gateway Frontline Services, Inc. is a New Jersey Corporation doing business in Nevada. In answering the remainder of the allegations in Paragraph 3 of the Complaint, Defendants are presently without sufficient information to form a belief as to the truth/veracity of the of the allegations contained within these paragraphs, and therefore, deny same.

4. DEFENDANTS, answering Paragraph 4 of Plaintiff's Complaint, admits that Gateway Group One, Inc. is a New Jersey Corporation doing business in Nevada. In answering the remainder of the allegations in Paragraph 4 of the Complaint, Defendants are presently without sufficient information to form a belief as to the truth/veracity of the of the allegations contained within these paragraphs, and therefore, deny same.

5. DEFENDANTS, answering Paragraph 5 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

6. DEFENDANTS, answering Paragraph 6 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

allegations contained within these paragraphs, and therefore, deny the same.

7. DEFENDANTS, answering Paragraph 7 of Plaintiff's Complaint, deny each and every allegation contained therein, as Defendant, Diamond Barrier is a resident of Georgia. As to the remaining allegations contained in this paragraph, DEFENDANTS are presently without sufficient information to form a belief as to the truth/veracity, and therefore, deny the same.

8. DEFENDANTS answering Paragraph 8 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

9. DEFENDANTS answering Paragraph 9 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

10. DEFENDANTS answering Paragraph 10 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

11. DEFENDANTS answering Paragraph 11 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

12. DEFENDANTS, answering Paragraph 12 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

allegations contained within these paragraphs, and therefore, deny the same.

13. DEFENDANTS, answering Paragraph 13 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

14. DEFENDANTS, answering Paragraph 14 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

15. DEFENDANTS, answering Paragraph 15 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

16. DEFENDANTS answering Paragraph 16 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

17. DEFENDANTS answering Paragraph 17 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

18. DEFENDANTS answering Paragraph 18 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

19. DEFENDANTS, answering Paragraph 19 of Plaintiff's Complaint, is presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

20. DEFENDANTS answering Paragraph 20 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

21. DEFENDANTS, answering Paragraph 21 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

22. DEFENDANTS, answering Paragraph 22 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

23. DEFENDANTS, answering Paragraph 23 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

24. DEFENDANTS, answering Paragraph 24 of Plaintiff's Complaint, are presently without sufficient information to form a belief as to the truth/veracity of the allegations contained within these paragraphs, and therefore, deny the same.

25. DEFENDANTS answering Paragraph 25 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

26. DEFENDANTS answering Paragraph 26 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

27. DEFENDANTS answering Paragraph 27 of Plaintiff's Complaint, avers

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

28. DEFENDANTS answering Paragraph 28 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

29. DEFENDANTS answering Paragraph 29 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

## FIRST CAUSE OF ACTION

**(Negligence; Negligence Per Se; Vicarious, Joint-and-Several, Contractual, Statutory, and Legal Liability – Defendants FRONTIER, FRONTLINE, GATEWAY GROPU, BLAISE, ORPHAN, BARRIER, DOES 1-20, ROE BUSINESS ENTITIES 1-20, and each of them)**

30. DEFENDANTS, answering Paragraph 30 of Plaintiff's Complaint, repeats their answers to Paragraphs 1 through 29, and incorporate the same by reference, as though fully set forth herein.

31. DEFENDANTS answering Paragraph 31 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

32. DEFENDANTS answering Paragraph 32 of Plaintiff's Complaint, avers

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

33. DEFENDANTS answering Paragraph 33 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

34. DEFENDANTS answering Paragraph 34 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

35. DEFENDANTS answering Paragraph 35 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

**SECOND CAUSE OF ACTION**

**(Common Carrier Liability; Vicarious, Joint and Several, Contractual, Statutory, and Legal Liability – Defendants FRONTIER, FRONTLINE, GATEWAY GROPU, BLAISE, ORPHAN, BARRIER, DOES 1-20, ROE BUSINESS ENTITIES 1-20, and each of them)**

36. DEFENDANTS, answering Paragraph 36 of Plaintiff's Complaint, repeats their answers to Paragraphs 1 through 35, and incorporate the same by reference, as though fully set forth herein.

37. DEFENDANTS answering Paragraph 37 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

38. DEFENDANTS answering Paragraph 38 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

39. DEFENDANTS answering Paragraph 39 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

40. DEFENDANTS answering Paragraph 40 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

41. DEFENDANTS answering Paragraph 41 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

///

///

///

///

///

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

**THIRD CAUSE OF ACTION**

**(Negligent Hiring, Contracting, Training, Supervision, Entrustment, Retention; Vicarious, Joint-and-Several, Contractual, Statutory, and Legal Liability – Defendants FRONTIER, FRONTLINE, GATEWAY GROPU, BLAISE, ORPHAN, BARRIER, DOES 1-20, ROE BUSINESS ENTITIES 1-20, and each of them)**

42. DEFENDANTS, answering Paragraph 42 of Plaintiff's Complaint, repeats their answers to Paragraphs 1 through 41, and incorporate the same by reference, as though fully set forth herein.

43. DEFENDANTS answering Paragraph 43 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

44. DEFENDANTS answering Paragraph 44 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

45. DEFENDANTS answering Paragraph 45 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

46. DEFENDANTS answering Paragraph 46 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

47. DEFENDANTS answering Paragraph 47 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

48. DEFENDANTS answering Paragraph 48 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

49. DEFENDANTS answering Paragraph 49 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

50. DEFENDANTS answering Paragraph 50 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

51. DEFENDANTS answering Paragraph 51 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

52. DEFENDANTS answering Paragraph 52 of Plaintiff's Complaint, avers that the allegations in said paragraph constitute conclusions of law and do not require a response. To the extent that this paragraph contains allegations of fact, these

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

answering DEFENDANTS deny each and every allegation therein and puts Plaintiff to proof of same.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

These answering Defendants deny the allegations of the Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, including a denial that the Plaintiff was damaged in the sum or sums alleged, or to be alleged, or any other sum or sums whatsoever.

**SECOND AFFIRMATIVE DEFENSE**

These answering Defendants believe, and thereon allege, that the Complaint, and each and every cause of action stated therein, fails to state facts sufficient to constitute a cause of action, or any cause of action, as against these answering Defendants.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged medical expenses were not reasonable and/or necessary and/or causally related to this matter.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe, and thereon allege, that certain of the said parties have or will enter into settlement agreements with Plaintiff so that in the event that Defendants are held liable to Plaintiff herein, then Defendants are entitled to an offset, in an amount equal to any settlements previously made to Plaintiff by any other party, against any judgment which may be entered herein.

///

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

**SEVENTH AFFIRMATIVE DEFENSE**

It has been necessary for these answering Defendants to retain the services of an attorney to defend this action, and Defendants are entitled to a reasonable sum as and for attorney's fees.

**EIGHTH AFFIRMATIVE DEFENSE**

The incidents referred to in Plaintiff's Complaint, and resulting damages, if any, to Plaintiff, were proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of these Answering Defendants, and therefore Plaintiff's claims against Defendants should be deny, or any recovery reduced in proportion to said negligence of Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon allege that if these answering Defendants committed any breach of contract said breach was excused by operation of law.

**TENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon alleges, that if the Plaintiff herein suffered or sustained any loss, injury, damage or detriment, the same is directly and proximately caused and contributed to, in whole or in part, by the breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of the Plaintiff, thereby completely or partially barring the Plaintiff's recovery herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon allege, that the claims of Plaintiff are reduced, modified and/or barred by the Doctrine of Unclean Hands.

**TWELFTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon allege, Plaintiff's Complaint, and each and every cause of action contained therein, is barred

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

by the applicable Statutes of Limitation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon allege, Plaintiff's unreasonably delayed both the filing of Plaintiff's Complaint and notification of these answering Defendants to the alleged negligence and the basis for the causes of action alleged against these answering Defendants, all of which have unduly and severely prejudiced these answering Defendants in their defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the Doctrine of Estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe, and thereon allege, Plaintiff's unreasonably delayed both the filing of Plaintiff's Complaint and notification of these answering Defendants to the alleged negligence and the basis for the causes of action alleged against these answering Defendants, all of which have unduly and severely prejudiced these answering Defendants in their defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the Doctrine of Laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for these answering Defendants after reasonable inquiry, and therefore, these answering Defendants reserve the right to amend their Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants are informed and believe, and thereon allege, that Plaintiff failed to join all necessary and/or indispensable parties to this lawsuit.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff's service of process upon

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

DEFENDANTS have been insufficient.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. For costs incurred in the defense of this action;
4. For reasonable attorney's fees incurred in defending this action; and
5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants request a trial by jury for all claims so triable.

Dated: May 7, 2021

BREMER WHYTE BROWN & O'MEARA LLP

By: ______________________________

Lucian J. Greco, Jr., Esq.
Nevada State Bar No. 10600
Scott W. Ulm, Esq.
Nevada State Bar No. 12652
Danielle M. Meriwether
Nevada State Bar No. 14924
Attorneys for Defendants,
*Frontier Airlines, Inc.; Gateway Frontline Services, Inc.; Gateway Group One, Inc.; Daniel Blaise; Jordan Orphan; and Diamond Barrier*

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May 2021, a true and correct copy of the foregoing document was electronically delivered to CM/ECF for filing and service upon all electronic service list recipients.

Shannon Formont, an employee of
BREMER WHYTE BROWN &
O'MEARA, LLP

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

15

1527.020 4823-7104-0998.1